UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES GAINES,

        Petitioner,

v.                                     **DECISION & ORDER**
                                            03-CV-430S
                                            99-CR-27S

UNITED STATES OF AMERICA,

        Respondent.

## I. INTRODUCTION

Presently before this Court is *pro se* Petitioner James Gaines' Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255.[1] For the following reasons, Petitioner's motion is denied.

## II. BACKGROUND

On March 17, 1999, the Grand Jury for the Western District of New York returned a single-count Indictment charging Petitioner with being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Apparently, the Government and Petitioner were attempting to reach a plea resolution. In a letter dated June 25, 1999, Petitioner's counsel[2] referenced a plea offer which the Government allegedly extended to Petitioner. (Mot. to Vac., Ex. 1, p. 2). Under the proposed plea agreement, Petitioner's sentencing exposure would be 77-96 months, after a reduction for acceptance of responsibility. (Mot. to Vac., Ex. 1, p. 2). Petitioner's counsel noted, however, "[i]t is my understanding, based on our

---

[1] In support of his Motion, Petitioner filed a memorandum of law with an affidavit and exhibits, and a reply memorandum of law with exhibits. Respondent filed a combined answer and memorandum of law in opposition to the Motion.

[2] Petitioner was initially represented by an attorney from the Federal Public Defender's Office.

1

conversations, that you are not interested in this plea offer." (Mot. to Vac., Ex. 1, p. 2). Accordingly, Petitioner's counsel calculated what his guideline range would be if he was found guilty after trial. (Mot. to Vac., Ex. 1, p. 2). Specifically, she indicated that if he went to trial and was found guilty, his sentencing exposure would be 100-125 months or 140-175 months, depending on whether this Court applied a disputed 4-level enhancement to his sentence. (Mot. to Vac., Ex. 2, p. 2). This calculation was based on counsel's understanding that Petitioner had two prior felonies and one misdemeanor. (Mot. to Vac., Ex. 2, p. 2).

Thereafter, counsel became aware that Petitioner had three prior felony convictions involving crimes of violence rather than two, as initially believed. (Gov't Ans., pp. 5-6). The fact that Petitioner had three such prior felony convictions made him an Armed Career Offender under 18 U.S.C. § 924(e). (Gov't Ans., p. 6). As an Armed Career Offender, Petitioner faced a statutory minimum of 15 years in prison.[3] The Government contends the Petitioner's counsel advised him that he faced this mandatory minimum.[4] (Gov't Ans., p. 6). Petitioner alleges that at no time was he advised that he faced a sentencing enhancement as an Armed Career Offender. (Mot. to Vac., p. 7).

Petitioner contends that his counsel advised him that he might be acquitted if he asserted an entrapment defense. (Mot. to Vac., p. 7).[5] Petitioner elected to proceed to trial based on his counsel's alleged representation that Petitioner's sentence "would be the

---

[3] 18 U.S.C. § 924(e) states that a person who violates 18 U.S.C. § 922(g) "and has three previous convictions . . . for a violent felony or serious drug offense or both, comitted on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years."

[4] The record reflects that Petitioner's public defender withdrew as his counsel due to a conflict of interest. (Mot. to Vac., p. 8)

[5] According to Petitioner, his first attorney suggested a defense of entrapment and his second appointed counsel concurred that it would be a viable defense. (Mot. to Vac., p. 8).

2

same if the jury rejected [his] entrapment defense." (Mot. to Vac., p. 8).

On June 1, 2000, a jury found Petitioner guilty of being a felon in possession of a firearm. This Court sentenced Petitioner to 188 months in prison and five years of supervised release on September 7, 2000. On September 14, 2000, Petitioner appealed to the United States Court of Appeals for the Second Circuit, arguing: (1) that there was insufficient evidence presented against him to sustain a conviction; (2) that this Court gave an improper instruction to the jury; and (3) it erred in refusing to grant a motion for downward departure in Petitioner's sentence. On August 12, 2002, the Second Circuit issued an opinion affirming Petitioner's conviction. United States v. Gaines, 295 F.3d 293 (2nd Cir. 2002). Petitioner commenced the instant action *pro se* on June 2, 2003, by filing the instant Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255.

### III. DISCUSSION

**A.     Standard of Review**

Twenty-eight U.S.C. § 2255 allows federal prisoners to challenge the constitutionality of their sentences. That section provides, in pertinent part, that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255.

The Second Circuit has held that a "collateral attack on a final judgment in a criminal case is generally available under [Section] 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental

3

defect which inherently results in a complete miscarriage of justice.'" Graziano v. United States, 83 F.3d 587, 590 (2d Cir. 1996) (quoting United States v. Bokun, 73 F.3d 8, 12 (2d Cir. 1995)).  Under 18 U.S.C. § 2255, Petitioner bears the burden of proving such a fundamental defect.  See Galviz Zapata v. United States, 431 F.3d 395, 399 (2d Cir. 2005) (citing Williams v. United States, 481 F.2d 339, 346 (2d Cir. 1973)).

**B.	Petitioner's Claims**

In support of his Motion, Petitioner claims that his attorneys rendered ineffective assistance by misinforming him of his sentencing exposure during plea negotiations and by presenting an entrapment defense at trial.  Although Petitioner did not raise these claims in his appeal, the Supreme Court has held that an ineffective assistance of counsel claim may be raised in a Section 2255 motion even if it was not raised on direct appeal. Massaro v. United States, 538 U.S. 500, 509, 123 S.Ct. 1690, 1696, 155 L.Ed.2d 714 (2003); see also Graff v. United States, 269 F. Supp. 2d 76, 78-79 (E.D.N.Y. 2003) (discussing Massaro).  Accordingly, this Court will address the merits of Petitioner's claims of ineffective assistance of counsel.

**1.	Petitioner's Representation During Plea Discussions**

The Sixth Amendment provides, among other things, that "[i]n all criminal prosecutions, the accused shall . . . have the Assistance of Counsel for his defense."  U.S. CONST. amend. VI.  A defendant suffers a violation of his Sixth Amendment rights "when he receives ineffective assistance of counsel."  Pham v. United States, 317 F.3d 178, 182 (2d Cir. 2003).  To prove ineffective assistance of counsel, a defendant must show: (a) "that counsel's representation fell below an objective standard of reasonableness;" and (b) "that there is a reasonable probability that, but for counsel's unprofessional errors, the

result of the proceeding would have been different." Id. (quoting Strickland v. Washington, 466 U.S. 668, 688, 104 S. Ct. 2052, 2064-2065, 80 L. Ed. 2d 674 (1984)).

The Second Circuit has held that defense attorneys have "a constitutional duty to give their clients professional advice on the crucial decision of whether to accept a plea offer from the government." Pham, 317 F.3d at 182 (citing Boria v. Keane, 99 F.3d 492, 498 (2d Cir. 1996)).  In the instant case, Petitioner first claims that counsel miscalculated and misinformed him of his sentencing exposure during plea negotiations.  Further, Petitioner contends that if he had known that he faced a mandatory minimum of 15 years as an Armed Career Offender under 28 U.S.C. § 924(e), he would have taken the Government's offer of 77-96 months referenced in his counsel's June 25, 1999 letter.

There is some dispute as to whether the Government ever made an authorized plea offer of 77-96 months.  In its Answer, the Government asserts that it "is not aware of any signed plea agreement whereby the Government acknowledged or agreed to that guideline range." (Gov't Ans., p. 2, fn. 1).  Moreover, the Government contends that, contrary to Petitioner's assertion, both attorneys advised him that he faced a statutorily imposed 15 year mandatory minimum, after his third prior violent felony conviction was discovered.

The initial question is whether an evidentiary hearing is necessary to resolve these factual disputes.  In the context of Section 2255 motions, the Second Circuit has held that district courts are not required to hold full evidentiary hearings before deciding ineffective assistance of counsel claims. Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001). The district court may, in its discretion, "choose a middle road that avoid[s] the delay, the needless expenditure of judicial resources, the burden on trial counsel and the government, and perhaps the encouragement of other prisoners to make similar baseless

claims that would . . . result[ ] from a full testimonial hearing." Id. at 86.

Under the circumstances of the instant case, this Court finds that an evidentiary hearing "would not offer any reasonable chance of altering its view of the facts." Id. Even assuming, *arguendo*, that the Government extended a plea offer of 77-96 months and his attorneys never advised him that he faced a mandatory minimum, Petitioner still cannot demonstrate, for the reasons discussed below, that he was prejudiced by his attorney's actions. Therefore, his request for an evidentiary hearing is denied.

Turning to the merits of Petitioner's claim, this Court finds that he has not established that his attorney's calculations, as set forth in her June 25, 1999 letter, were erroneous, such that her representation fell below an objective standard of reasonableness. At the time that Petitioner's counsel drafted her letter setting forth Petitioner's sentencing exposure, both the defense and the Government believed that Petitioner had only two prior felony convictions. (Mot. to Vac., Ex. 2, p. 3) (setting forth Petitioner's criminal history calculations based on two prior felony convictions and one misdemeanor conviction). Petitioner's attorney properly determined *based on Petitioner's known criminal record* that his criminal history category was a V. This criminal history category, when coupled with an offense level of 25 or 29 -- depending on the applicability of an enhancement -- resulted in a guidelines range of 100 to 125 months or 140-175 months, as counsel represented. (Mot. to Vac., Ex. 2, p. 2). Significantly, the letter and the attached "Guideline Worksheet" clearly demonstrate that Petitioner's sentencing exposure was significantly greater if he was convicted after trial than if he accepted the Government's plea offer of 77-96 months. (Mot. to Vac., Ex. 1 & 2).

Petitioner is likewise unable to show that he was prejudiced by his counsel's alleged

failure to advise him of the mandatory 15 year minimum after the parties discovered his third felony conviction and determined that he qualified as an Armed Career Offender. After Petitioner's status as an Armed Career Offender became known, he would have been precluded from pleading to anything below the mandatory minimum of 15 years. See United States v. Medley, 313 F.3d 745, 749 (2d Cir. 2002) (holding that departures from statutory minimums are not permitted by 18 U.S.C. § 3553(b) and U.S.S.G. § 5K2.0, and can imposed upon the government's motion or pursuant to the "safety valve").

    A district court is only authorized to sentence a defendant below the statutory minimum upon a motion by the Government pursuant to 18 U.S.C. § 3553(e), or where defendant meets the criteria for the "safety valve" under 18 U.S.C. § 3553(f). Id. In the instant case, there is no indication that the Government, after discovering that he had three prior felony convictions, agreed to move under 18 U.S.C. § 3553(e) for a sentence below the mandatory minimum.[6] Moreover, because Petitioner had more than one criminal history point, he did not qualify for the "safety valve" under 18 U.S.C. § 3553(f). Therefore, Petitioner cannot show that a plea was available to him after his third felony conviction was discovered, or that his sentence would have been different if his attorney's advised him that he faced a 15 year mandatory minimum. See Strickland, 466 U.S. at 668. Because Petitioner cannot prove that he was prejudiced, there is no need to examine whether counsel's conduct fell below an "objective standard of reasonableness." Id.

---

[6]Even assuming, *arguendo*, that the Government was willing to move for a downward departure under 18 U.S.C. § 3553(e) based on Petitioner's substantial assistance to law enforcement, it is unlikely that this Court would have granted such motion. In sentencing Petitioner, this Court denied his motion for a downward departure under U.S.S.G. § 5K2.0 based on his assistance to law enforcement in a state murder prosecution, finding that his prior cooperation was not so extraordinary as to warrant a departure. On Appeal, the Second Circuit held that this Court did not abuse its discretion in denying Petitioner's motion. United States v. Gaines, 295 F.3d 293, 303 (2d Cir. 2002).

**2.   Petitioner's Representation at Trial**

Petitioner's second claim is that his counsel rendered ineffective assistance by relying exclusively on an entrapment defense. It is well established that "[j]udicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. "[T]he defendant must overcome the presumption that under the circumstances, the challenged action might be considered sound trial strategy." Id. Consistent with this principle, acts or omissions by counsel that can be construed as a sound trial strategy do not amount to ineffective assistance. United States v. Best, 219 F.3d 192, 201 (2d Cir. 2000).

Using the same two-part Strickland analysis, this Court finds that Petitioner has failed to show that counsel's decision to rely exclusively on an entrapment defense fell below an objective standard of reasonableness, or that reliance on another defense would have yielded a better result. To the contrary, it appears that entrapment may have been the only defense in Petitioner's criminal case, given the strength of the Government's evidence against him. Particularly damning to Petitioner was a surveillance videotape, filmed by an F.B.I. task force, which showed Petitioner paying an informant for three handguns and handling the weapons during the transaction.[7] See Gaines, 295 F.3d at 297. The Second Circuit has held that counsel is under no obligation to employ an argument or defense for which it has no support. Best, 219 F.3d at 201-02. Moreover, under the circumstances of this case, it cannot be said that counsel failed to investigate other defenses which could have been more successful. Cf. Wiggins v. Smith, 539 U.S.

---

[7]On appeal, the Second Circuit chastised Petitioner's appellate counsel for arguing that the videotape did not establish Petitioner's guilt, because it did not actually show the guns, a claim which was belied by the videotape. The Second Circuit concluded that under a theory of actual possession or constructive possession under 18 U.S.C. § 922(g), the evidence at trial amply supported the jury's guilty verdict. Gaines, 295 F.3d at 301.

8

510, 535, 123 S.Ct. 2527, 2542, 156 L.Ed. 2d 471 (2003). Accordingly, Petitioner's second ineffective assistance of counsel claim is denied.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's Motion to Vacate his Sentence pursuant to 28 U.S.C. § 2255 is denied in its entirety.

## V. ORDERS

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside or Correct his Sentence and Conviction pursuant to 28 U.S.C. § 2255 (Docket No. 86) is DENIED.

SO ORDERED.

Dated: August 7, 2006
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge