UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JAMES GAINES,

        Petitioner,

v.                                      **DECISION & ORDER**
                                           03-CV-430S
                                           99-CR-27S

UNITED STATES OF AMERICA,

        Respondent.

On June 1, 2000, a jury found Petitioner James Gaines guilty of being a felon in possession of a firearm. Based on the jury's verdict, this Court sentenced Petitioner to 188 months in prison and five years of supervised release on September 7, 2000. On August 8, 2006, this Court denied Petitioner's Motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner thereafter filed a Notice of Appeal from this Court's August 8, 2006 Decision and Order to the Second Circuit Court of Appeals. By Mandate issued on November 9, 2006, the Second Circuit dismissed Petitioner's appeal without prejudice to the appeal being reinstated within 30 days of this Court granting or denying a certificate of appealability ("COA"). On December 18, 2006, Petitioner filed the instant Motion for a COA, relief which is available under 28 U.S.C. § 2253(c), and Rule 22(b) of the Federal Rules of Appellate Procedure. For the following reasons, Petitioner's application for a COA is denied.

To appeal the denial of a request for relief under Section 2255, a petitioner must obtain a COA from the district judge who rendered the judgment denying relief or from a circuit judge. See 28 U.S.C. § 2253(c)(1); FED. R. APP. P. 22(b)(1). An application for a COA is initially addressed to the district court:

> Once the applicant files a notice of appeal, the district judge who rendered the judgment that the applicant wishes to appeal must issue a certificate of appealability or state why a certificate should not issue. Fed. R. App. P. 22(b)(1). [The] Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84, 146 L. Ed. 2d 542, 120 S. Ct. 1595 (2000). Petitioner may make such a substantial showing by demonstrating "(1) that the issues are debatable among jurists of reason; (2) that a court could resolve the issues in a different manner; or (3) that the questions are adequate to deserve encouragement to proceed further." Wright v. United States, 2002 U.S. Dist. LEXIS 26122, No. 01 Civ. 443, No. 97 Cr. 228, 2002 WL 32086478, at *1 (D. Conn. Nov. 1, 2002) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n. 4, 77 L. Ed. 2d 1090, 103 S. Ct. 3383 (1983)); see also Slack, 529 U.S. at 484.

Muyet v. United States, 01 Civ. 9371 (PKL), 95 CR. 941 (PKL), 2004 WL 1746369, at *12 (S.D.N.Y. Aug. 3, 2004).[1] If the district court denies a COA, a petitioner may then, under Federal Rule of Appellate Procedure 22(b)(1), direct a request for such a certificate to the court of appeals. Lozada v. United States, 107 F.3d 1011, 1017 (2d Cir. 1997), abrogated on other grounds by United States v. Perez, 129 F.3d 255 (2d Cir. 1997).

This Court has considered the allegations and arguments set forth in Petitioner's motion papers. The Court finds, however, that Petitioner has not made a substantial showing of the denial of a constitutional right and accordingly, declines to issue a COA.

---

[1] It should be noted, however, that the district court need not await a petitioner's filing of a notice of appeal, or an application for a COA before addressing his entitlement to a COA; rather, the court may deny a COA *sua sponte.* See Muyet v. United States, 01 Civ. 9371 (PKL), 2005 WL 427594, at *1 (S.D.N.Y. Feb. 22, 2005).

IT HEREBY IS ORDERED, that Petitioner's Motion for a Certificate of Appealability (Docket No. 92; 99-CR-27S) is DENIED.

SO ORDERED.

Dated: January 5, 2007
Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge